UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANSEL WILLIAMS,

       Petitioner,

vs.

UNITED STATES OF AMERICA,

       Respondent.
_____/

Cases Nos.
10-CR-20388; 12-CV-15697

HON. MARK A. GOLDSMITH

# OPINION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 and GRANTING THE GOVERNMENT'S MOTION TO DISMISS

This matter is presently before the Court on Petitioner's motion under 28 U.S.C. § 2255 to vacate his sentence and on the Government's motion to dismiss Petitioner's § 2255 motion. Petitioner has not filed a response to the Government's motion and the time to do so has expired. See E.D. Mich. LR 7.1(e). For the reasons that follow, the Court will deny Petitioner's motion and grant the Government's motion.

Petitioner pled guilty, pursuant to a Rule 11 plea agreement, to count one of the second superseding indictment, which charged him with conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The Rule 11 plea agreement, which is signed by Petitioner and his counsel, contains the following appeal-waiver provision:

> Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or sentence in any post-conviction proceedings, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

Directly above his signature, Petitioner certified as follows:

> By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its terms. Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

Additionally, at the plea hearing, the Court questioned Petitioner extensively regarding his understanding of all aspects of the Rule 11 agreement. In particular, Petitioner's attention was directed to the portion the plea agreement listing the elements for the offense to which he pled guilty, along with the portion of the plea agreement containing the factual basis for his plea. Petitioner testified that he: (i) believed the Government could prove all elements of the offense beyond a reasonable doubt, (ii) agreed with every statement contained in the factual basis,[1] and (iii) was pleading guilty because he believes he is guilty.

Under the agreement, Petitioner's guidelines range was 70-87 months based on a total offense level of 27 and a criminal history category of I.[2] Concluding that a downward variance was appropriate, the Court sentenced Petitioner to a term of imprisonment of 60 months. Petitioner did not file a direct appeal from the Court's judgment. Approximately 11 months after the Court entered judgment, Petitioner filed the present motion to vacate under § 2255.

A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily. United States v. Fleming, 239 F.3d 761, 763-64

---

[1] The Court read to Defendant every statement contained the factual basis and, after each statement, asked Defendant if he agreed with it. He agreed with every statement.

[2] Petitioner's base offense level was 32, premised on the parties' agreement that at least five kilograms, but less than 15 kilograms, of cocaine were attributable to him. The factual basis thus reflects that Petitioner "could reasonably foresee that the conspiracy involved at least five kilograms of cocaine."

(6th Cir. 2001). The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is generally enforceable. In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007). A waiver of collateral attack may be unenforceable, however, "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel." Id. However, for a waiver of collateral attack to be unenforceable based on ineffective assistance of counsel, "the claim of ineffective assistance [must] run[] directly to the validity of the plea agreement or the waiver itself." United States v. Thompson, No. 08CV-306-C, 2008 WL 6506506, at *9 (W.D. Ky. Nov. 7, 2008). Ineffective assistance of counsel claims faulting counsel for failing to argue for or against certain offense level adjustments do not pertain to the validity of the plea agreement. See, e.g., Calderon v. United States, No. 05 Civ. 3553, 2006 WL 662332, at *4 (S.D.N.Y. Mar. 15, 2006) ("[Petitioner] is actually challenging the correctness of his sentence when he argues that he should have received a family circumstances departure and a minor role adjustment. Any challenges to his sentence, however, are barred by the section 2255 waiver.").

Here, Petitioner argues that his sentence should be vacated for four reasons. First, Petitioner argues – without any further explanation – that "the totality of the instances of objectively unreasonable conduct (and omissions) by trial counsel resulted in a fundamentally and constitutionally deficient Revocation Hearing, which materially prejudiced [Petitioner]. Accordingly, reversal and remand is required herein." Mot. at 4 (Dkt. 621). The Court rejects this argument because Petitioner does not state what "unreasonable conduct (and omissions) by trial counsel" he is referring to here. See Brooks v. United States, 1988 WL 121255, at *1 (6th Cir. Nov. 15, 1988) ("vague and conclusory arguments" in support of § 2255 relief are properly rejected); United States v. Fisher, 38 F.3d 1144, 1147-1148 (10th Cir. 1994) (rejecting claims of

3

ineffective assistance of counsel and declining "to fashion [petitioner's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments").

Second, Petitioner argues that his trial counsel was ineffective because he should have argued that Petitioner was a minor or minimal participant in the conspiracy under United States Sentencing Guideline § 3B1.2, which, if true, would have decreased Petitioner's offense level by 2-4 points. The Court rejects this argument because, as noted above, collateral attack waivers that are knowingly and voluntarily entered into encompass ineffective assistance of counsel claims that do not pertain to the validity of the plea agreement, and claims faulting counsel for failing to seek an offense level adjustment do not pertain to the validity of the plea agreement. See Calderon, 2006 WL 662332, at *4.

Third, Petitioner argues that his trial counsel was ineffective for failing to contest the drug quantities attributable to him (i.e., more than five kilograms but less than 15 kilograms), as reflected in the factual basis contained in the plea agreement. According to Petitioner, he would have proceeded to trial "[h]ad trial counsel properly counseled [him] regarding the government's beyond a reasonable doubt evidentiary burden at trial regarding drug quantity."

Ineffective assistance of counsel claims require a two-prong showing. First, Petitioner must show that his counsel's performance was deficient because it fell below an objective standard of reasonableness. Second, Petitioner must show prejudice stemming from counsel's deficient performance; in other words, Petitioner must show that "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Here, Petitioner

4

cannot show prejudice because the Court informed Petitioner of the Government's burden, even if defense counsel did not:

> THE COURT: [The Government] would have to prove here that there were two or more people who conspired or agreed to commit the crimes of distribution of a controlled substance and possession with intend [sic] to distribute a controlled substance; that you knowingly and voluntarily joined and participated in that conspiracy and that the conspiracy involved five or more kilograms of cocaine. Do you understand that those are the elements of the offense?
>
> THE DEFENDANT: Yes.
>
> * * * *
>
> THE COURT: Now do you believe that the government could prove all of these elements of the offense against you beyond a reasonable doubt?
>
> THE DEFENDANT: Yes.

Thus, even if the conduct of Petitioner's trial counsel was deficient in the manner alleged, no prejudice resulted from that deficiency because the Court cured the deficiency through its colloquy with Petitioner during the plea hearing.

Finally, Petitioner argues that the factual basis contained in the plea agreement is "unsupportable" because "[t]he government's evidence was unsatisfactory regarding [Petitioner's] role in the offense as well as its drug quantity assertions." Mot. at 14. This argument lacks merit because Petitioner's attack of the factual basis contained in the plea agreement is flatly inconsistent with the sworn statements he made during the plea hearing. During that hearing, Petitioner confirmed, under oath, the accuracy of each and every statement contained in the factual basis – including statements reflecting his role in the conspiracy (i.e., "transporting large quantities of cocaine from Chicago, Illinois to Flint, Michigan") and the amount of cocaine attributable to the conspiracy (i.e., "more than five kilograms"). Petitioner

confirmed his belief that the Government could prove all the elements of the conspiracy charge beyond a reasonable doubt.

Another judge in this district has written:

> Petitioner's allegations of ineffective assistance of counsel . . . are inconsistent with his sworn statements during the guilty plea and sentencing hearings . . . . Petitioner is simply attempting to circumvent the appeal waiver and challenge his conviction by "dressing up" his claims as one of ineffective assistance of counsel. The Sixth Circuit has noted that a defendant "will not be permitted by artful pleading to evade the plain language in her plea agreement" waiving the right to appeal. United States v. Coker, 514 F.3d 562, 568 (6th Cir. 2007).

Dover v. United States, No. 08-20419, 2012 WL 3134249, at **8-9 (E.D. Mich. Aug. 1, 2012). Here, like in Dover, Petitioner faults his attorney for failing to make arguments that would have been contradicted or inconsistent with matters expressly admitted by Petitioner under oath. The Court rejects Petitioner's attempt to evade his obligations under the plea agreement in this way.

In sum, Petitioner fails to argue that his waiver was not made knowingly and voluntarily. Indeed, he could not successfully attack the waiver on that basis in light of his signature on the plea agreement and the extensive colloquy between Petitioner and the Court at the plea hearing, both of which unequivocally demonstrate that Petitioner fully understood that he was giving up his right to collaterally attack his sentence.[3]

Accordingly, for the reasons stated above, Defendant's motion under § 2255 is denied and the Government's motion to dismiss Defendant's § 2255 motion is granted.

SO ORDERED.

Dated: May 2, 2013  
      Flint, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

---

[3] Further, by signing the plea agreement, Petitioner certified that he was "satisfied with defense attorney's advice and representation," which further undercuts his present claims that counsel was ineffective.

6

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2013.

                s/Deborah J. Goltz
                DEBORAH J. GOLTZ
                Case Manager